UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case Number: 20-MJ-245 |
| | : | |
| **DAVID JEREMY ZOBEL,** | : | |
| | : | |
| | : | |
| **Defendant.** | : | |

## GOVERNMENT'S MEMORANDUM
## IN SUPPORT OF PRETRIAL DETENTION

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits this Memorandum in support of its Motion for Pretrial Detention of Defendant David Jeremy ZOBEL under 18 U.S.C. §§ 3142(f)(1)(A) and 3142(f)(2)(A) because there is no condition or combination of conditions that will reasonably assure the safety of any person and the community. The defendant was arrested in Ohio on an arrest warrant issued by this Court and has been charged by Criminal Complaint in the United States District Court for the District of Columbia with two crimes of violence: Distribution of Child Pornography, in violation of Title 18 United States Code Section 2252(a)(2) and Attempted Sexual Exploitation of a Minor for the Purpose of Producing a Visual Depiction, in violation of Title 18 United States Code Section 2251(a). An analysis of the factors set forth in 18 U.S.C. 3142 below leads to the conclusion that detention is appropriate.

## FACTUAL BACKGROUND

On Tuesday December 1, 2020, an FBI WFO TFO was acting in an undercover (UC) capacity as part of the Metropolitan Police Department-Federal Bureau of Investigation ("MPD-FBI") Child Exploitation Task Force, operating out of a satellite office in Washington, D.C.  In

that capacity, the UC entered a fetish website for the purpose of identifying individuals who are seeking to exploit children. This site is forum based and allows users to post advertisements in different areas of the site. This site is known to the UC as a place where people meet, discuss and trade original images of underage children, links containing child pornography, and videos among other things. On December 1, 2020, the UC posted the following advertisement: "Any other dad's at home with very young or anyone else babysitting?" The UC left his KIK[1] screen name at the end of the message.

On December 3, 2020, at 12:54am EST an individual using the KIK username "slothllama99" and display name of "Jeremy Teasdale" (later identified as DAVID JEREMY ZOBEL) initiated a private chat communication with the UC stating, "Got any more alone time with dau this week? Love to chat."

On December 3, 2020, at 8:45am EST the UC responded to ZOBEL and began a chat conversation. During the course of the chat ZOBEL stated that he was a 40 year-old male residing in Ohio. The UC asked ZOBEL if he was a father, and ZOBEL responded, "I am, but can't see my daughter anymore because of some of the things we got caught doing now I'm a middle aged sex offender with lots of good memories." ZOBEL stated that he sexually abused his preteen daughter and her friend and was ultimately arrested after the friend reported the abuse. The UC asked ZOBEL "how do u get off and perv now? Material?" ZOBEL responded "yeah, just pics from the dark web, memories, and a couple lgs[2] I chat with." During the course of the chat the UC informed ZOBEL that he was sexually active with his purported 8 year-old

---

1 KIK is an instant messaging mobile application where one can transmit and receive messages, photos, and videos. Users can communicate privately with other users or in groups.
2 "lg" is a slang expression known to be used as a short hand abbreviation for "little girl"

daughter. ZOBEL stated, "Do you ever think about letting others play with her? Or double teaming her?"

On December 3, 2020, at 10:02am EST, ZOBEL sent the UC a link to a TOR[3] website. The UC inserted the link into the Tor browser and observed that it routed to a web page dedicated to child pornography and erotica. The UC observed several images depicting preteen children posing naked with their legs spread exposing their bare vagina on this website. ZOBEL explained this site to the UC as an image board containing "homemade material and stuff from studios between the ages of 5 to 15."

ZOBEL asked the UC "what's your favorite thing to do with her?" The UC responded, "Her sucking and jerking my cock and cumming on her face." ZOBEL stated "especially if they scoop the come from the face and suck it off the fingers," and the UC responded "Yes!!" ZOBEL then stated "Will she do that" and the UC responded "Yep." ZOBEL asked, "Damn. Can I watch?" and the UC asked "In person or here?" ZOBEL responded, "On here for now but im open to in person in the future"

During the course of the chat ZOBEL sent two images depicting a partial image of judgment in a criminal case from the United States District Court for the Southern District of Ohio. The second live camera image depicted what appears to be the same document with ZOBEL holding his hand over certain information. The document appeared to be a final judgement after a guilty plea to 1 count of an Indictment. The charge listed is 18 USC 2422 (b).

---

3 TOR, short for The Onion Router, is free and open-source software for enabling anonymous communication by directing Internet traffic through a free, worldwide, volunteer overlay network in order to conceal a user's location and usage from others, making it more difficult to trace Internet activity to the user. TOR browser software is required to access "the dark web."

ZOBEL stated that the offense occurred in 2008 and he went to prison for 10 years. ZOBEL stated that he is currently on probation.

During the course of the chat the UC once again asked ZOBEL what he wanted to see the UC do with his purported daughter. ZOBEL responded "I'd love to see what I described… facial then cum eating that would kill me." During the course of the chat ZOBEL also stated "Met a lady with a 6 yo dau and her last bf was a sex offender too lol. Also been talking to a girl that lives a few blocks from me… trying to get something going there. She's 12." During the course of the chat the UC sent two images of his purported 8 year-old daughter.[4]

On December 4, 2020, at approximately 8:42am EST the UC continued communicating with ZOBEL via KIK instant messenger. During the course of the chat ZOBEL informed the UC that he met a 16 year old female on the fetish site described in this affidavit. ZOBEL stated that this female is into child pornography and sent him sexual images and videos of herself. ZOBEL stated that he knew this child to be real because he asked her to hold up a piece of paper with his screen name on it and she did. ZOBEL sent the UC this image which depicts a teenaged female holding up a piece of paper with the words "Hiya Jeremy" written on it.

ZOBEL stated that this teenager resides an hour from his residence and stated that her preferred age range is 3 to 8 years old. ZOBEL sent the UC two additional images of this teenager. The first image depicts the girl wearing a bra and panties. The second image depicts the girl standing naked exposing her breast and vagina. During the course of the chat ZOBEL stated "Here's the one she liked the best that I sent her last night." ZOBEL then sent an image depicting a prepubescent female sitting on a bed wearing a Madagascar shirt with her legs spread. The

---

4 Images sent by the UC do not depict a real child.

child's bare vagina is exposed. After sending the UC this image ZOBEL stated "Showed me how wet it got her." ZOBEL stated that the images and videos obtained from this teenager were sent to him on the Wickr[5] application.

Utilizing information visible on the court document provided by ZOBEL, a search of court records from Southern District of Ohio was conducted. A criminal case judgement for case 3:09CR128 was identified matching the photo. The defendant, DAVID ZOBEL, plead guilty to 18 USC 2422(b) on March 9, 2011. An NCIC check for ZOBEL determined that his full name is DAVID JEREMY ZOBEL, DOB 6/11/1977, and he is a registered sex offender and currently on supervised release with US Probation. Sex offender registry information for ZOBEL includes a residence address of 1068 E. 17th Avenue, Columbus, Ohio 43211 and a telephone number of 614-747-0983.

On December 4, 2020 an exigent request was served on Kik requesting subscriber information and IP access logs associated with Kik username "slothllama99." Kik's response identified the account contained a username of "slothllama99" and a display name of "Jeremy Teasdale." Additionally, the records provided by KIK indicate the account was associated with a verified email address of slothllama99@gmail.com and was being utilized on a Samsung cell phone model SM-S111DL. IP access logs between November 5, 2020 and December 4, 2020 as provided by KIK indicate the account was accessed almost exclusively from IP address 76.181.254.115. Open source information indicates that IP address 76.181.254.115 is owned by Spectrum.

---

[5] Wickr is a mobile instant messaging application which allows for the transfer of image and video files between users.

On December 4, 2020, an exigent request was served on Spectrum for records related to the subscriber of IP address 76.181.254.115 on the dates and times it was used to access the "slothllama99" KIK account. Records provided in response to this request indicate that the subscriber of IP address 76.181.254.115 was David ZOBEL with a service address at 1068 E. 17th Ave, Columbus, OH 43211, and contact phone number of 614-747-0983.

At the time that agents attempted to apprehend ZOBEL, he fled from law enforcement in his vehicle. Agents subsequently contacted him and he arranged to surrender himself to the agents.

## ARGUMENT

The Bail Reform Act permits a judicial officer to hold an individual without bond pending trial if the officer finds clear and convincing evidence that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). Pursuant to 18 U.S.C. § 3142(f)(1)(A), the judicial officer shall hold a hearing on the question of detention upon the motion of the government in a case that involves a crime of violence.

The crime of Distribution of Child Pornography, in violation of Title 18 United States Code Section 2252(a)(2), is a crime of violence and involving a minor victim, which under 18 U.S.C. § 3142(e)(2) & (3)(E) creates a rebuttable presumption that the defendant constitutes a danger to the community, and that no pretrial release condition or combination of conditions may be imposed to assure the safety of any other person and the community. This presumption "operate[s] at a minimum to impose a burden of production on the defendant to offer some credible evidence contrary to the statutory presumption." *United*

*States v. Alatishe*, 768 F.2d 364, 371 (D.C. Cir. 1985); *United States v. Portes*, 786 F.2d 758, 764 (7th Cir. 1985) (observing that the presumptions in § 3142(e) "are rebutted when the defendant meets a burden of production by coming forward with some evidence that he will not flee or endanger the community if released").

In determining whether the defendant has overcome that presumption, the Court must consider the following factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g). Even when the defendant has offered evidence to rebut the presumption of dangerousness, the presumption remains a factor in the court's analysis of the § 3142(g) factors. *See United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1983) ("Use of that word [rebutted] in this context is somewhat misleading because the rebutted presumption is not erased. Instead it remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g)."). As the Sixth Circuit has observed, "[t]he presumption [of dangerousness] remains as a factor because it is not simply an evidentiary tool designed for the courts. Instead, the presumption reflects Congress's substantive judgment that particular classes of offenders should ordinarily be detained prior to trial." *United States v. Stone*, 608 F.3d 939, 945-46 (6th Cir. 2010) ("To rebut the presumption, therefore, a defendant should 'present all the special features of his case' that take it outside 'the congressional paradigm.'").

## **ANALYSIS**

For the reasons that follow, the government submits that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the

community and that the defendant should therefore remain detained pending trial.

### A. The Nature and Circumstances of the Offense Charged

ZOBEL is charged with Distribution of Child Pornography and Attempted Sexual Exploitation of a Minor for the Purpose of Producing a Visual Depiction. These are two violent offenses whose severity is illustrated by the lengthy statutory term of incarceration.

Moreover, the defendant's actions in this case are particularly egregious. While living in a halfway house following his release from prison for an offense that involved the coercion and enticement of a minor to engage in sexual activity, ZOBEL was engaging in similar conduct. ZOBEL asked a minor child to send him images of herself engaging in sexually explicit behavior. ZOBEL also sought out child sexual abuse material from the undercover agent. Moreover, he expressed an interest in observing the undercover agent sexually abuse his purported minor child.

These actions greatly underscore his level of dangerousness as discussed below and this factor strongly favors his detention.

### B. The Weight of the Evidence Against the Defendant

As described above, the evidence against the defendant is overwhelming, including irrefutable electronic evidence. Moreover, ZOBEL displayed a copy of the judgment and commitment order from his prior conviction to the undercover agent, which further confirms the identity of the individual the undercover agent was communicating with.

### C. The History and Characteristics of the Defendant

The defendant was previously convicted of coercing or enticing a minor to engage in sexual activity under Title 18 U.S.C. 2242(a). Following his release from prison, ZOBEL was required to register as a sex offender. Therefore, at the time the defendant committed this offense, he was registered as a sex offender. Based on the defendant's conversation with the undercover agent,

instead of being deterred from engaging in similar conduct following his incarceration, ZOBEL displayed his judgment and commitment order as a badge of honor. Additionally, the defendant fled from law enforcement when they attempted to apprehend him, which raises concerns regarding the defendant's risk of flight. Based on the defendant's criminal history and his willingness to engage in the same type of conduct following his release from prison, this factor weighs heavily in favor of detention.

### D. The Nature and Seriousness of the Danger to Any Person or the Community

The evidence here establishes that the defendant represents a grave danger to the community. The defendant not only distributed child pornography, but solicited child sexual abuse material from a minor and indicated to the undercover agent that he was willing to participate in the sexual abuse of a minor child.

Given the electronic-based nature of ZOBEL's conduct, there is no reason to believe that home confinement would substantially mitigate the danger posed by the Defendant, (if a potentially appropriate location for home confinement even could be found). This factor weighs strongly in favor of detention.

### CONCLUSION

For all of the reasons set forth above, and any other reasons set forth at any hearing on this issue, a consideration of the evidence in this case and the applicable statutory factors compels the conclusion that the defendant should be detained pending trial.

WHEREFORE, the government respectfully requests that the court grant its motion for detention of the defendant.

Respectfully submitted,

MICHAEL SHERWIN

UNITED STATES ATTORNEY

/s/
JANANI IYENGAR
Assistant United States Attorney
NY State Bar No. 5225990
U.S. Attorney's Office
555 4th Street, N.W.,
Washington, D.C. 20530
202-252-7760
Janani.iyengar@usdoj.gov