**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **)** | **Crim No. 21-CR-333 (RJL)** |
| | **)** | |
| **v.** | **)** | |
| | **)** | |
| **DAVID ZOBEL** | **)** | |

**UNITED STATES' MEMORANDUM ADDRESSING POTENTIAL LEGAL ISSUES**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this memorandum addressing legal issues likely to arise during trial, pursuant to the Court's November 7, 2023 Minute Order.

The government previously provided notice of its intent to introduce 404(b) evidence – namely, admissions from the defendant's 2011 plea colloquy – for the non-propensity purposes of identity and intent. At the status conference on September 8, 2023, the Court ruled that this evidence fell within Rules 404(b) and 414, but, on the current record, its prejudicial effect outweighed its probative value. Accordingly, the Court denied the government's motion. However, the Court stated that it would revisit its ruling if the defendant placed his identity or intent at issue, thus altering the Rule 403 balancing test.

The government anticipates potential litigation regarding whether the defendant's identity or intent becomes "at issue" in the trial, thus altering the Rule 403 balancing test and opening the door to the admission of the government's 404(b) evidence. As discussed below, the government submits that the defendant may open the door through his opening statement, cross-examination, affirmative defense case, or anticipated closing argument. At such time, the government requests that the Court revisit the Rule 403 analysis to allow the government to counter the defendant's

claim.

**ARGUMENT**

A non-propensity purpose is "at issue" if it is "relevant" to the prosecution. *United States v. Caldwell*, 760 F.3d 267, 276 (3d. Cir. 2014). In other words, whether the proffered purpose is a material issue or fact that the government must prove to obtain a conviction. *Id.* The defendant need not affirmatively testify, or introduce evidence, in order for the non-propensity purpose to be admissible under Rule 403. *See United States v. McCarson*, 527 F.3d 170, 174 (D.C. Cir. 2008); *United States v. Ray*, 549 Fed.Appx. 428, 432 (6th Cir. 2013). In *Ray*, the Sixth Circuit rejected the defendant's argument that 404(b) evidence could only be admitted to either demonstrate an element of a charged offense or to disprove an affirmative case put on by the defendant. 549 Fed. Appx. at 431-32. Citing *United States v. Meriweather*, 78 F.3d 1070 (6th Cir. 1996), the court held that "[t]he defense cannot immunize itself from the introduction of relevant 404(b) evidence by the simple expedient of silence" and that the government was permitted to offer such evidence "necessary to anticipate a defendant's tactics at trial." *Id.* As the court noted, the first time that Ray raised the non-propensity purpose (in that case, intent) was in his closing argument; once it was "conceivable" that the defendant could employ that tactic in his closing argument, the prosecution was permitted under Rule 404(b) and 403 to introduce evidence "necessary to counteract the effects of a potential eleventh-hour introduction by the defense." *Id.*; *Cf. United States v. Crowder*, 141 F.3d 1202, 1209-10 (D.C. Cir. 1998) (404(b) evidence was still admissible under Rule 403 even if the defendant offered to stipulate to the relevant element of the offense because the government must be permitted to prove its case). If not, the government would be precluded from introducing relevant evidence to meet the force of the defendant's claims and to carry its burden

of proof.

Thus, once the defendant, whether in his opening statement, cross-examination of government witnesses, or affirmative evidence casts doubt on the issue of identity (i.e., that he was not the individual communicating with the undercover office) or intent (that he did not intend to have the undercover officer sexually abuse his daughter) – or once it becomes conceivable that he might do so in his closing argument – the probative value of the government's 404(b) evidence increases. At that point, the government requests that the Court revisit the 403 balancing analysis, so that the government can counter the arguments made by the defense and carry its burden of proof.

The defendant stated during his online chat with the undercover agent that he was "a middle aged sex offender" and subsequently sent the undercover agent court paperwork related to his prior case. The defendant also stated that he spent "10 years in prison," for his prior offense. Additionally, the defendant discusses the details of the conduct that led to his prior conviction. The docket number on the court paperwork corresponded to the case where the defendant was previously convicted. In that prior case, the court sentenced the defendant to ten years in prison, which corresponds to the information the defendant provided the undercover agent. Testimony regarding the prior conviction would allow the government to establish for the jury that the person communicating with the undercover could only know the details of the prior conviction and the associated sentence if that person was the defendant. The defendant's prior conviction is also evidence of his intent to commit the charged offenses because they demonstrate his sexual interest in children, which motivated him to communication with the undercover agent and seek out images of child sexual abuse. Therefore, it would be entirely appropriate for the Court to reconsider its

ruling as to the admissibility of the defendant's prior conviction under rules 404(b) and 413.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

By: *_____/s/ Caroline Burrell_____*
Caroline Burrell
Janani Iyengar
Assistant United States Attorneys
601 D. St N.W.
Washington, D.C. 20530
(202) 252-6950
(202) 252-7760
caroline.burrell@usdoj.gov
Janani.iyengar@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the United States' Memorandum was served upon counsel of record for the defendant through the electronic court filing system, this 15th day of December, 2023.

*/s/ Caroline Burrell*
Caroline Burrell
Assistant United States Attorney